# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARLO WASHINGTON,**
**D.O.C. # 472871,**

    **Plaintiff,**

vs.                                                    Case No. 4:20cv228-MW-CAS

**CHRISTOPHER EDELEN, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, was granted leave to proceed in forma pauperis, ECF No. 6, and assessed an initial partial filing fee of $2.60 which was to be paid by July 14, 2020. When payment was not received, a Report and Recommendation was entered, ECF No. 7, recommending dismissal of this case for failure to prosecute and comply with a court Order. Plaintiff filed a motion for reconsideration, ECF No. 8, which was granted, ECF No. 9, and Plaintiff was given additional time (September 25, 2020) in which to pay the fee. Plaintiff then filed a request for clarification, ECF No. 10, which was granted, ECF No. 12, and an Order

was entered on September 22, 2020, extending Plaintiff's deadline for compliance to October 9, 2020.  ECF No. 12.

Thereafter, Plaintiff filed a motion requesting leave to proceed without payment of the filing fee.  ECF No. 13.  Plaintiff claimed he lacked funds with which to pay the fee, but the motion was not properly supported by a copy of his inmate trust fund account statement.  Thus, Plaintiff's motion was denied and Plaintiff was once again given additional time in which to comply.  ECF No. 14.  In particular, Plaintiff was advised that if he was seeking permission to proceed without payment of the assessed initial partial filing fee, Plaintiff "must submit a *current* Trust Fund Account Statement demonstrating how funds have been depleted."  *Id.* at 3.  Plaintiff was given until **October 30, 2020**, to either pay the assessed initial filing fee of $2.60, or to properly demonstrate his inability to comply.  *Id.*

As of this date, payment has not been received, nor did Plaintiff timely request additional time in which to comply.  Furthermore, Plaintiff has not shown by presenting copies of his current account statement showing that he lacks funds to pay the assessed fee.  It appears Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, and he was previously warned of the consequences if he failed to do so, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2020.

  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**